# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00685-CR

**Shawn Siddique Abbasi, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-11-90490, HONORABLE CLIFFORD BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court found Shawn Siddique Abbasi guilty of attempted sexual assault and assessed punishment of six years in prison. On appeal, he contends that the evidence is insufficient to show that he intended anything other than a consensual sexual encounter. We will affirm the judgment.

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). A person commits the offense of sexual assault if he intentionally or knowingly causes the penetration of the anus, sexual organ or mouth of another person by any means without that person's consent. *See* Tex. Penal Code § 22.011(a)(l)(A)-(B). A sexual assault is without the consent of the other person if the actor compels the other person to submit or participate by the use of physical force or violence

against the other person. *Id.* § 22.011(b)(1). A person commits an attempted offense if with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. *Id.* § 15.01.

The complaining witness, "Ann," testified that she was nine months pregnant with appellant's child when this incident happened. She lived in a mobile home behind the feed store and mechanic's shop where she worked. Appellant, her then-boyfriend, was camping in a wooded area across the street. Ann said that, although her employers did not want appellant on their property, appellant had come by her residence more than once on the day of the incident. He would come to the front or side of the building and gesture for Ann to come to him.

Finally, she went outside to talk to him to tell him to go away. She said that when she turned to go back to her home, "he grabbed me and he took me on over there to them woods." When asked if she went willingly, she testified, "I wasn't willing, but I went ahead with him because I didn't want him—I didn't want, you know, getting in no fights or nothing. I didn't want no physical action or nothing." She testified that "he said all he wanted to do was talk and talk to me. . . . And then that's the reason why I went willingly, but I didn't know when I got over there he wanted to have sexual contents [sic] with me. That's whenever he got angry whenever I said no." She testified that appellant wanted to have sex with her, she did not want to have sex with him, and "that's when he was getting forceful to make me do that." At some point she lay on his mattress on the ground. He unzipped his pants and leaned on her. Ann testified that "I told him I didn't want to do it" because she was pregnant. She said, "Then he was starting to really get violent, I mean, then that's when he started grabbing me." He grabbed her arm. She testified that "he was getting forceful. He was going to make me." She broke away from appellant, yelled for her friends to help

2

her, and ran as best she could away. Appellant did not pursue her, but ran from her friends and pleaded that she not call 911. She called 911. She testified to bruises on her throat and arm from appellant's grip.

Two other witnesses testified. Ann's friend Roger Hopkins testified that he also lived and worked at the mechanic's shop. He heard Ann yelling his name and for help. He went out of the shop, yelled her name, and saw appellant getting up off her with his penis exposed. A sheriff's deputy who responded to the dispatch following the 911 call testified that Ann appeared distraught. He took photographs of Ann and of the scene that were published to the jury.

Appellant focuses on evidence that could be construed as consistent with a consensual encounter. However, that is not the standard by which we must assess the record and the jury's verdict. We conclude that, viewed properly in the light most favorable to the verdict, the record contains sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that appellant committed an attempted sexual assault as charged.

We affirm the judgment.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed: December 4, 2013

Do Not Publish

3